UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

JEREMY EICHENBERGER,

    Plaintiff(s),

v.

TOTAL WRECKING &
ENVIRONMENTAL, LLC,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JEREMY EICHENBERGER ("Plaintiff"), pursuant to 29 U.S.C. § 216(b) files the following Complaint for Damages and Demand for Jury Trial against Defendant, TOTAL WRECKING & ENVIRONMENTAL, LLC (hereinafter "Defendant"), and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime wages during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. §§ 201–216, to recover all wages owed to Plaintiff during the course of his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Duval County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, was a New York limited liability company authorized to do business in the State of Florida and operated its business within the jurisdiction of this Honorable Court.

4. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

5. All acts and omissions giving rise to this dispute took place in Jacksonville, Florida, within the jurisdiction of this Honorable Court.

6. Defendant regularly transacts business in Duval County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

7. Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. Defendant owns and operates a demolition company that provides demolition and ancillary environmental services across the country, including within the State of Florida.

9. Defendant employs individuals such as Plaintiff to provide demolition services as laborers.

## FLSA COVERAGE

10. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant's business and Plaintiff's work for affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

11. During his employment with Defendant, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: laptop computers, files, cabinets, purchase orders, invoices, cell phones, cameras, drones, automobiles, pens, markers, highlighters, etc.

12. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

13. Upon information and belief, Defendant has grossed in excess of $500,000.00 in 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

14. During all material times hereto, Plaintiff was a non-exempt hourly employee of Defendant within the meaning of the FLSA.

15. Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee.  Defendant provided Plaintiff equipment and tools to perform work, Defendant provided and required Plaintiff and other similar employees to wear a uniform and/or suitable attire, Defendant controlled and directed the work performed by Plaintiff, Defendant set Plaintiff's work hours and responsibilities, and Plaintiff relied upon Defendant for his employment and work and was not free to actively work elsewhere during the time periods that Defendant scheduled her to work.

## **PLAINTIFF'S WORK FOR DEFENDANT**

16. On or about August 9, 2020, Defendant hired Plaintiff to perform demolition laborer services in Jacksonville, Florida.  Plaintiff continued to work for Defendant through the end of December 2020.

17. After hiring Plaintiff, Defendant required Plaintiff to regularly calculate the number of hours he worked each day and Defendant was therefore on notice of the total number of hours Plaintiff worked in a given workweek.

18. Defendant referred to Plaintiff as a safety manager, but Defendant misclassified Plaintiff as an exempt employee and failed to pay Plaintiff in accordance with federal overtime laws when Plaintiff worked more than 40 hours in a workweek.

19. During this time period, Plaintiff (i) did not have supervisory authority over two or more individuals; (ii) did not have independent discretion to make decisions of importance on behalf of Defendant; (iii) did not have hiring or firing authority over individuals; and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

20. Defendant paid Plaintiff on a salary basis for all of the hours worked in a workweek.

21. During his employment, Plaintiff regularly worked in excess of forty (40) hours per week but was not properly compensated in accordance with the FLSA for all of the overtime hours he worked.

22. Indeed, Plaintiff often worked an average of 65 hours per week for Defendant and is owed an average of 25 hours of overtime wages in each of the weeks he worked.

23. Defendant was expressly aware of the work performed by Plaintiff through its owner and managers, and in fact instructed and directed Plaintiff to perform much (if not all) of this work, but nevertheless required Plaintiff to continue working without receiving proper compensation for the hours worked during the relevant period of his employment.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

24. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

25. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

26. During the time period relevant to this lawsuit, Plaintiff regularly worked in excess of forty (40) hours per week for Defendant.

27. However, Defendant failed to properly compensate Plaintiff at a rate of time-and-one-half his regular hourly rate for hours worked over forty (40) per week as required under the FLSA in one or more workweeks during the employment period.

28. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

29. Accordingly, Plaintiff is entitled to overtime wages at the rate of 1.5 times his regular hourly rate per hour for each hour worked over forty (40) in any given workweek.

30. Accordingly, Plaintiff is entitled to recover damages for federal overtime wage violations during his employment.

31. However, Defendant intentionally and/or willfully violated the FLSA or was reckless and/or indifferent as to its compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)* and any such further damages as may be shown at the time of trial.

33. Plaintiff has been required to retain the undersigned law firm to prosecute her claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, JEREMY EICHENBERGER respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, TOTAL WRECKING & ENVIRONMENTAL, LLC, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendant; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JEREMY EICHENBERGER, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Jeremy Eichenberger*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 25, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: